JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

C-08-2905-JL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
Alice Chan

## DEFENDANTS
Investment Retrievers, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  
(EXCEPT IN U.S. PLAINTIFF CASES)  
Alameda

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____  
(IN U.S. PLAINTIFF CASES ONLY)  
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  
Legal Helpers, P.C. 564 Market Street, Suite 300  
San Francisco, CA 94104    415-986-4442

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument |  365 Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault Libel & Slander / 368 Asbestos Personal Injury Product Liability | 640 RR & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers Liability | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 340 Marine / PERSONAL PROPERTY / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability / 371 Truth In Lending | 690 Other |  | 490 Cable/Satellite TV |
| 160 Stockholders Suits | 350 Motor Vehicle / 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  | 730 Labor/Mgmt Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
|  |  | 740 Railway Labor Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
|  |  | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 210 Land Condemnation | 441 Voting / 510 Motion to Vacate Sentence Habeas Corpus: |  | 870 Taxes (US Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 442 Employment / 530 General |  | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 230 Rent Lease & Ejectment | 443 Housing / 535 Death Penalty |  |  | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 444 Welfare / 540 Mandamus & Other |  |  | [x] 890 Other Statutory Actions |
| 245 Tort Product Liability | 440 Other Civil Rights / 550 Civil Rights |  |  |  |
| 290 All Other Real Property | 445 Amer w/ disab - Empl / 555 Prison Condition |  |  |  |
|  | 446 Amer w/ disab - Other |  |  |  |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
15 USC 1692  Violations of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $15,000   CHECK YES only if demanded in complaint:
JURY DEMAND: [x] YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE: 6/9/08

SIGNATURE OF ATTORNEY OF RECORD: Kitty Ji

KITTY J. LIN
Legal Helpers, P.C.
564 Market St. #300
San Francisco, CA 94104
Tel: (415) 986-4442
kit@legalhelpers.com

*Attorney for Plaintiff Alice Chan*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| Alice Chan | Case No. 08-02905 JL |
| Plaintiff, | Judge: |
| v. | ADR |
| Investment Retrievers, Inc. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND OTHER EQUITABLE RELIEF** |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692 and under Supplementary Jurisdiction pursuant to 28 U.S.C. § 1367(a). Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

2. This Complaint was first filed on October 9, 2007.

3. On January 15, 2008, pursuant to Plaintiff's Unopposed Motion for Dismissal Without Prejudice, this Court dismissed the action without Prejudice.

4. Plaintiff now timely re-files this action.

Complaint - 1

## FACTS COMMON TO ALL COUNTS

5. Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

6. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

7. Defendant is a corporation doing business primarily as a consumer debt collector.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

9. Defendant is a "debt collector" as defined in California Civil Code § 1788.2(c).

10. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

11. This matter involves a "consumer transaction" as defined by California Civil Code §1788.2(e)

12. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) and California Civil Code §1788.2(f).

13. On or around May 25, 2007, Defendant contacted Plaintiff regarding Plaintiff's debt and accused Plaintiff of identity theft and credit card fraud.

14. During the communication referenced in Paragraph 13, Defendant threatened to report Plaintiff to the police unless Plaintiff called Defendant back by May 29, 2007 to make payment arrangements.

15. On or around May 29, 2007, Defendant contacted Plaintiff regarding the debt.

16. During the communication referenced in paragraph 15, Defendant threatened that Plaintiff would be served with a summons unless Plaintiff made payment arrangements with Defendant.

17. After Defendant threatened to serve Plaintiff with a summons, Defendant abruptly terminated the communication.

18. Defendant damaged Plaintiff emotionally and caused Plaintiff mentally and substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

**Violation of the Rosenthal Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

**Violation of the Rosenthal Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SEVEN

**Violation of the Rosenthal Fair Debt Collection Practices Act**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT EIGHT

### Violation of the Rosenthal Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated California Civil Code §1788.17 by violating 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against Defendant for actual damages, statutory damages, costs, and reasonable attorney's fees pursuant to The Rosenthal Fair Debt Collection Practices Act.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Kitty J. Lin
Kitty J. Lin
564 Market St. #300
San Francisco, CA 94104
Tel: (415) 986-4442
kit@legalhelpers.com

*Attorney for Plaintiff Alice Chan*